Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff* JONATHAN ARSLANIAN and the alleged Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ARSLANIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**EARGO, INC.**, a Delaware Corporation, and **EARGO HEARING INC.**, a California Corporation,<br><br>Defendants. | Case No. 3:20-cv-5109<br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT

1. Plaintiff Jonathan Arslanian ("Arslanian" or "Plaintiff") brings this Class Action Complaint against Defendants Eargo, Inc. and Eargo Hearing, Inc. (collectively "Eargo" or "Defendant") to stop Defendant's practice of placing unsolicited calls and text messages using an "automatic telephone dialing system" ("ATDS") to the telephones of consumers nationwide without their prior express consent and to obtain redress, including statutory damages, costs, and reasonable attorneys' fees, for all persons injured by Defendant's conduct.

2. Plaintiff, for his complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1

3. The Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. ("TCPA") and its implementing regulations, 47 C.F.R. §64.1200, *et seq*. prohibit companies such as Defendant from placing calls or sending text messages using an automatic telephone dialing system ("ATDS") to telephones without first obtaining prior express consent. Eargo has violated, and continues to violate, the TCPA and its regulations by placing autodialed calls and sending text messages to telephone subscribers who have not expressly consented to receiving such calls.

4. In an effort to obtain leads for its hearing aid products, Eargo made or sent (or directed to be made or sent on its behalf) autodialed calls and text messages to the wireless telephones of Plaintiff and other members of the alleged Class without first obtaining express consent to do so—all in violation of the TCPA.

5. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—autodialed calls and text messages made or sent to cellphone numbers without each consumer's prior express written consent.

6. By making the telephone calls and sending the text messages at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls and text messages in addition to a loss of value realized for the monies consumers paid to their wireless carriers for plans that include the receipt of such calls and messages. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

**PARTIES**

7. Plaintiff Arslanian is a natural person over the age of eighteen (18) and a citizen of the State of New Hampshire.

2

8. Defendant Eargo, Inc. is a Delaware corporation with its principal place of business located at 1600 Technology Drive, 6th Floor, San Jose CA 95110.

9. Defendant Eargo Hearing, Inc. is a California corporation with its principal place of business located at 1600 Technology Drive, 6th Floor, San Jose CA 95110.

## JURISDICTION & VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq., a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

11. This Court has personal jurisdiction over Eargo because it is headquartered in this District, solicits significant business in this District, has entered into business contracts in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case, including the making of the calls or the decision to make them, occurred in, was directed to, or emanated from this District.

## COMMON ALLEGATIONS OF FACT

13. Eargo is a technology company that offers different hearing aid products to persons who are hearing impaired or have other hearing issues.

14. Unfortunately for consumers, Eargo casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its hearing aids, Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes unsolicited

3

autodialed calls and sends unsolicited text messages to consumers' cellular/wireless telephones all without any prior express consent to make these calls.

15. Defendant places these calls and texts to cellphones using an ATDS without consumers' prior written express consent in violation of the TCPA.

16. At no time did Defendant obtain prior express consent from the Plaintiff and the Class orally or in writing to receive autodialed calls.

17. In making the phone calls at issue in this Complaint, Defendant and/or its agent utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant and/or its agents has the capacity to store, produce, and/or dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously, without human intervention.

18. Defendant knowingly made, and continues to make, autodialed telemarketing calls and send unsolicited text messages without the prior express consent of the recipients. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF

19. Plaintiff Arslanian is the subscriber to and customary user of the personal cellular telephone number ending in 0780.

20. On or around August 12, 2019 Plaintiff received an unsolicited autodialed phone call from an Eargo representative. When he answered one of the calls, he was met with dead air. Mr. Arslanian hung up the phone.

21. Despite hanging up the telephone and expressing clear disinterest, on November 26, 2020 Arslanian received an unsolicited text message from Eargo advertising a "Black Friday" offer.

4

21. On December 6, 2019, Plaintiff Arslanian received another unsolicited text message from Eargo advertising an extended Cyber Monday sales offer.

23. Plaintiff, through counsel, contacted Eargo about these unsolicited calls. In response, Defendant, through its counsel, sent an email that supposedly contained "proof" that Plaintiff consented to receive such calls. This so-called proof was incomplete but included browser information and supposed consent language.

24. In reality, Plaintiff Arslanian never consented either orally or in writing to receive prerecorded and/or autodialed calls from Eargo or any of its affiliates or agents. Plaintiff never visited the Defendant's website as Defendant has claimed, and he never provided his phone number or other contact information to Defendant. Plaintiff is not hard of hearing and has neither shopped online for hearing aids nor entered his information on any website owned, operated, or controlled by Defendant. Put simply, Defendant's supposed consent is bogus and false.

25. Plaintiff does not have a relationship with Defendant, has never provided his telephone number directly to Defendant, and has never requested that Defendant place calls or text messages to him to offer him its services. Simply put, Plaintiff has never provided any form of prior express written or oral consent to Defendant to place autodialed calls or text messages to him and has no business relationship with Defendant.

26. Defendant was, and is, aware that the above described autodialed calls and texts were made to consumers like Plaintiff who have not consented to receive them.

27. By making and placing the unauthorized autodialed calls and text messages as alleged herein, Eargo has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing that they interfered with Plaintiff and the other Class members' use and

enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

28. To redress these injuries, Plaintiff, on behalf of himself and Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited autodialed calls and text messages to telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited autodialing and texting activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the Class defined as follows:

> All persons in the United States who from four years prior to the filing of the initial complaint in this action to the date notice is sent to the Class: (1) Defendant, or a third person acting on behalf of Defendant, called or sent a text message; (2) on or to the person's cellular telephone; (3) using the same equipment that was used to call and text the Plaintiff; (4) for the purpose of marketing Eargo's hearing aid products; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.

30. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's

counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

31.     **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed calls and sent text messages to thousands of consumers who fall into the defined Class. However, the true total number of members of the Class can be identified through reference to objective criteria, including Defendant's records.

32.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

33.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no actual conflicts or interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

34.     **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)     Whether Defendant's conduct violated the TCPA;

    (b)     Whether Defendant systematically made telephone calls and sent text messages to individuals who did not previously provide Defendant and/or its agents with their prior express written consent to receive such phone calls;

    (c)     Whether Defendant made the calls and sent the text messages with the use of an ATDS;

    (d)     Whether the calls and text messages were sent for telemarketing purposes; and

   (e)  Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

35. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. It would be virtually impossible for the individual Class members to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the Class)**

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37. Defendant Eargo, by and through its agents, made unsolicited and unwanted telemarketing calls and sent unsolicited text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Class—without their prior express written consent—in an effort to generate leads for Defendant's hearing aid products.

38. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

8

  (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

  (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

39. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

40. By making unsolicited telephone calls and sending unsolicited text messages to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

41. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

42. Defendant's conduct was willful and knowing. As such, pursuant to Section 227(b)(3), the Court should award treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jonathan Arslanian, on behalf of himself and the Class, prays for the following relief:

  A. An order certifying the Class as defined above, appointing Plaintiff Arslanian as the representative of the Class and appointing his counsel as Class Counsel;

B. An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA and appropriate injunctive relief;

D. Treble damages in the event Defendant's violations are found to have been willful or knowing;

E. An award of pre- and post-judgment interest;

F. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: July 27, 2020

**JONATHAN ARSLANIAN**, individually and on behalf of all others similarly situated,

By: /s/          Rebecca Davis
One of Plaintiff's Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210

Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice*