# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## CIVIL STANDING ORDERS FOR MAGISTRATE JUDGE JOSEPH C. SPERO

### (Revised June 8, 2020)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

### A.   SCHEDULING HEARINGS AND CONFERENCES

1.   Civil Law and Motion is heard on Fridays at 9:30 a.m., except that when Judge Spero is on criminal duty, Civil Law and Motion is heard on Fridays at 2:00 p.m. Counsel should notice civil motions for hearing in accordance with the Civil Local Rules and need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.   Criminal Law and Motion is heard on Fridays at 10:30 a.m.

3.   Case Management Conferences and Pretrial Conference are heard on Fridays at 2:00 p.m. Case Management Conferences are not recorded unless at least one party in the case is appearing pro se or counsel makes a specific request at the commencement of the Case Management Conference that it be recorded.

4.   Requests to appear telephonically at a case management conference or hearing must be filed and served one week before the conference in accordance with Civil L.R. 16-10(a).

5.   Parties should address all questions regarding scheduling to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

### B.   CONSENT

6.   In cases that are randomly assigned to Judge Spero for all purposes, a Consent or Declination to Magistrate Judge Jurisdiction form will be mailed to all parties. The parties are requested, within two weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

### C.   CHAMBERS COPIES

7.   Pursuant to General Order 72-3, no paper courtesy copies will be accepted by the undersigned pending further order of the Court.  Instead, courtesy copies should be emailed to jcspo@cand.uscourts.gov.   In addition, any proposed stipulation or proposed order in a case subject to electronic filing shall be sent by email to jcspo@cand.uscourts.gov. This address is to be used only for proposed orders and courtesy copies unless otherwise directed by the Court.

### D.   SETTLEMENT CONFERENCE STATEMENTS

8.   Settlement Conference Statements must be LODGED with Chambers (NOT electronically filed).  To lodge Settlement Conference Statements, parties should submitting them in .pdf format

United States District Court
Northern District of California

via email to JCSsettlement@cand.uscourts.gov.   Pending further order of the Court, hard copies should not be lodged with Chambers.

### E.   DISCOVERY DISPUTES

9.   In lieu of filing formal discovery motions, lead trial counsel for the parties involved in the discovery dispute shall meet and confer **by video conference** regarding the subject matter of the dispute(s) in an effort to resolve these matters. After attempting other means to confer on the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on five business days' notice. Within five business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court, not to exceed five pages without leave of Court. This Joint Letter shall include a description of every issue in dispute and, with respect to each such issue, a detailed summary of each party's final substantive position and their final proposed compromise on each issue. Upon receipt of the Joint Letter the Court will determine what future proceedings are necessary.

10.   As soon as a party has notice of this order, the party shall take such affirmative steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voice mails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by this action.

11.   In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12.   In searching for responsive materials in connection with Fed. R. Civ. P. 34 requests or for materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13.   To the maximum extent feasible, all party files and record should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

14.   Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

15.   Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. See Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication. (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and

United States District Court
Northern District of California

(d) the subject matter of the communication. Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

### F.    DEPOSITIONS

16.  Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least thirty days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten days of receipt of the notice, the deponent or counsel form the deponent must reply and counter-propose in writing an alternative date and place falling within thirty days of the date noticed by the party seeking the deposition.

17.  Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

### G.    PRONOUNS

18.  Attorneys or parties appearing before Judge Spero may notify the Court of their pronoun preferences.

### H.    SOCIAL SECURITY APPEALS

19.  Where a plaintiff seeks review of a decision by the Commissioner of Social Security denying plaintiff Social Security payments, the Court uses only the initials of the plaintiff in its Orders to protect the plaintiff's privacy.

### I.    SANCTIONS

20.  Failure to comply with this Order of the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

Dated: June 8, 2020

_____

JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

3